**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DANIELLE GARDNER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-cv-02520** |
| | § | |
| **TYSON FOODS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

---

# DEFENDANT TYSON FOODS, INC.'S
# NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1441, Defendant, Tyson Foods, Inc., Inc. ("Tyson" or "Defendant"), hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.    THE REMOVED CASE

1.    The removed case is a civil action filed with the 298th Judicial District Court of Dallas County, Texas, on June 26, 2020, styled *Danielle Gardner v. Tyson Foods, Inc.*, Cause No. DC-20-08778.

### B.    DOCUMENTS FROM REMOVED ACTION

2.    Pursuant to Local Rule 81.1, Defendant attaches the following documents to this Notice of Removal:

> (a)    an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

---

> (b)    a copy of the docket sheet in the state court action; and
>
> (c)    each document filed in the state court action, except discovery material, with each document filed as a separate attachment.

Additionally, Defendant is simultaneously filing a separately signed Certificate of Interested Persons that complies with Local Rule 3.1(c).

## C.    <u>REMOVAL IS TIMELY</u>

3.    Plaintiff, Danielle Gardner ("Plaintiff"), filed the present civil suit against Defendant in the 298th Judicial District Court of Dallas County, Texas (the "Dallas County court") on June 26, 2020. Defendant was served with Plaintiff's Original Petition ("the Petition") on July 27, 2020. In the Petition, Plaintiff asserts negligence-based causes of action and claims for personal injury damages against Defendant.

4.    Defendant has filed this Notice of Removal within thirty days after receiving papers indicating that the present lawsuit was filed in the Dallas County court, and subsequently became removable to the United States District Court for the Northern District of Texas. Therefore, Defendant contends that this removal is timely made.[1]

## D.    <u>VENUE IS PROPER</u>

5.    The United States District Court for the Northern District of Texas, Dallas Division, is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 298th Judicial District Court of Dallas County, Texas

---

[1] *See*, 28 U.S.C. § 1446(b)(3).

is located within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## E.     DIVERSITY OF CITIZENSHIP EXISTS

6.     This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

7.     As admitted in the Petition, Plaintiff is a citizen of Texas.[2]

8.     Defendant is a foreign corporation formed under the laws of the State of Delaware. Defendant's primary place of business is in the State of Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is not a citizen of the State of Texas. Rather, Defendant is a citizen of both Delaware and Arkansas.

9.     Because Plaintiff is a citizen of the State of Texas and Defendant is a citizen of a different state, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## F.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10.     In her Petition, Plaintiff states that she seeks monetary relief more than $200,000 but not more than $1,000,000.[3] As such, Plaintiff seeks to recover damages in excess of $75,000.

11.     Based on the aforementioned facts, the current state court action may be removed to the United States District Court for the Northern District of Texas, Dallas Division, by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a)

---

[2] *See*, Plaintiff's Original Petition at p. 1, ¶ 3.
[3] *Id.* at p. 3, ¶14.

because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy will exceed $75,000, exclusive of interest and costs.

## G.     FILING OF REMOVAL PAPERS

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 298th Judicial District Court of Dallas County, Texas, where this action was originally commenced.

## H.     CONCLUSION

13.     Defendant hereby removes the above-captioned action from the 298th Judicial District Court of Dallas County, Texas, and requests that further proceedings be conducted in the United States District Court for the Northern District of Texas, Dallas Division, as provided by law.

Respectfully submitted,

**MAYER LLP**

750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939

By:     /s/ *Zach T. Mayer*
Zach T. Mayer
Texas State Bar No. 24013118
Email: zmayer@mayerllp.com
J. Edward Johnson
Texas State Bar No. 24070001
Email: ejohnson@mayerllp.com

Brandon W. Maxey
Texas State Bar No. 24092777
Email: bmaxey@mayerllp.com

**ATTORNEYS FOR DEFENDANT
TYSON FOODS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of August 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**Via ECF:**
moises@cedilloslaw.com
J. Moises Cedillos
CEDILLOS LAW FIRM, PLLC
3801 Kirby Drive, Suite 510
Houston, Texas 77098

_/s/ Zach T. Mayer_
Zach T. Mayer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DANIELLE GARDNER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-cv-02520** |
| | § | |
| **TYSON FOODS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S INDEX OF DOCUMENTS PURSUANT TO LR 81.1

Exhibit A     Docket Sheet in the State Court Action;

Exhibit B     Plaintiff's Original Petition (with written discovery requests attached) filed with the Dallas County Clerk on June 26, 2020;

Exhibit C     Civil Process Request with Citation for Defendant Tyson Foods, Inc. (issued on June 30, 2020);

Exhibit D     Return of Service of Citation for Defendant Tyson Foods, Inc. (filed on July 28, 2020);

Exhibit E     Defendant's Original Answer (filed with the Dallas County Clerk on August 14, 2020);

Exhibit F     Correspondence from District Clerk regarding Jury Demand;

Exhibit G     Letter from Judge Tobolowsky to Plaintiff's Counsel with Notice of Jury Trial Setting (dated August 17, 2020)

Exhibit H     File Copy of Regarding Notice of Jury Trial Setting (dated August 17, 2020)

Exhibit I     Letter from Judge Tobolowsky to Defendant's Counsel with Notice of Jury Trial Setting (dated August 17, 2020)

Respectfully submitted,

**MAYER LLP**

750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939


By:      /s/ *Zach T. Mayer*
Zach T. Mayer
State Bar No. 24013118
Email: zmayer@mayerllp.com
J. Edward Johnson
Texas State Bar No. 24070001
Email: ejohnson@mayerllp.com
Brandon W. Maxey
State Bar No. 24092777
Email: bmaxey@mayerllp.com

**ATTORNEYS FOR DEFENDANT
TYSON FOODS, INC.**


## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of August 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**Via ECF:**
moises@cedilloslaw.com
J. Moises Cedillos
CEDILLOS LAW FIRM, PLLC
3801 Kirby Drive, Suite 510
Houston, Texas 77098


 /s/ *Zach T. Mayer*
Zach T. Mayer

---

# EXHIBIT "A"

## Case Information

DC-20-08778 | DANIELLE GARDNER vs. TYSON FOODS INC.

Case Number
DC-20-08778

Court
298th District Court

Judicial Officer
TOBOLOWSKY, EMILY

File Date
06/26/2020

Case Type
OTHER PERSONAL INJURY

Case Status
OPEN

## Party

PLAINTIFF
GARDNER, DANIELLE

Active Attorneys▾
Lead Attorney
CEDILLOS, J MOISES
Retained

DEFENDANT
TYSON FOODS INC.

Address
SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

Active Attorneys▾
Lead Attorney
MAYER, ZACH T
Retained

## Events and Hearings

06/26/2020 NEW CASE FILED (OCA) - CIVIL

06/26/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

06/26/2020 ISSUE CITATION ▾

ISSUE CITATION - TYSON FOODS INC.

06/26/2020 REQUEST FOR SERVICE ▾

CIVIL PROCESS REQUEST

06/30/2020 CITATION▾

Served
07/27/2020

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
07/28/2020
Comment
TYSON FOODS INC.

07/28/2020 RETURN OF SERVICE ▾

EXECUTED CITATION: TYSON FOODS INC.

    Comment
    EXECUTED CITATION: TYSON FOODS INC.

08/14/2020 JURY DEMAND ▾

JURY DEMAND FORM

08/14/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

04/26/2021 Jury Trial - Civil ▾

Jury Trial Notice

Jury Trial Notice

Jury Trial Notice

Judicial Officer
TOBOLOWSKY, EMILY

Hearing Time
9:00 AM

## Financial

GARDNER, DANIELLE

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $340.00 |
| | Total Payments and Credits | | | $340.00 |
| 6/26/2020 | Transaction Assessment | | | $340.00 |
| 6/26/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 37483-2020-DCLK | GARDNER, DANIELLE | ($340.00) |

TYSON FOODS INC.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $40.00 |
| | Total Payments and Credits | | | $40.00 |
| 8/14/2020 | Transaction Assessment | | | $40.00 |
| 8/14/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 48986-2020-DCLK | TYSON FOODS INC. | ($40.00) |

## Documents

CIVIL PROCESS REQUEST

ORIGINAL PETITION

ISSUE CITATION - TYSON FOODS INC.

EXECUTED CITATION: TYSON FOODS INC.

DEF/FILING JURY DEMAND

ORIGINAL ANSWER - GENERAL DENIAL

JURY DEMAND FORM

Jury Trial Notice

Jury Trial Notice

Jury Trial Notice

# EXHIBIT "B"

FILED
6/26/2020 11:05 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-20-08778

CAUSE NO. _____

| | | |
|---|---|---|
| DANIELLE GARDNER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| TYSON FOODS, INC, | § | |
| | § | 298TH |
| Defendant. | § | __ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Danielle Gardner ("Plaintiff" or "Mrs. Gardner") files her Original Petition against Tyson

Foods, Inc. ("Defendant" or "Tyson Foods") as follows:

### I.   DISCOVERY

1.   Plaintiff intends to conduct discovery under Level 2 of Tex. R. Civ. P. 190.

### II.   NATURE OF ACTION

2.   Plaintiff sues Defendant for back injuries sustained while performing work for

Tyson Foods, based on claims for negligence and gross negligence.   Tyson Foods had a

nondelegable duty to provide Mrs. Gardner, an employee of Defendant, with a reasonable safe

workplace but failed to do so.

### III.   PARTIES

3.   Plaintiff is an individual who resides in Dallas County, Texas, and is a citizen of

Texas.

4.   Defendant is a for-profit corporation doing business in Texas and Dallas County,

Texas that may be served with process by serving its registered agent for service of process CT

Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### IV.   JURISDICTION AND VENUE

5.   Venue is proper in Dallas County, Texas pursuant to Tex. Civ. Prac. & Rem.

CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

6.     This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court

## V.     **FACTUAL BACKGROUND**

7.     On October 30, 2019, Mrs. Gardner was performing work for Tyson Foods at 4114 Mint Way in Dallas County, Texas.  That day, Plaintiff was instructed by her supervisor to lift heavy bags of product on her own.  At one point, Mrs. Gardner, while lifting a heavy bag, experienced severe back pain, resulting in serious injuries to Plaintiff ("the Incident").

## VI.     **NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT**

8.     Plaintiff incorporates all factual allegations made above.

9.     Defendant failed to do that which a person of ordinary prudence would have done under the same or similar circumstances or did that which a person of ordinary prudence would not have done under the same or similar circumstances.

10.     For example, Defendant was negligent by failing to:

a.     institute and enforce proper and effective safety programs, instruction, supervision, and training;

b.     properly warn and instruct Plaintiff;

c.     provide reasonably safe equipment necessary for performance of the job; and,

d.     provide Plaintiff with a safe work place.

11.     Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence/ "malice."  Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved

an extreme degree of risk, considering the probability and magnitude of harm to others.  Tyson

Foods arranged for Plaintiff's work and was responsible for Plaintiff's safety and those similarly

situated.  Tyson Foods knowingly disregarded its duty to provide a safe work place; that is,

Tyson Foods knowingly disregarded its duty to protect Plaintiff (and those similarly situated)

from the injuries suffered by Plaintiff.  Tyson Foods had actual, subjective awareness of the risk

involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare

of others.  Therefore, Tyson Foods' conduct amounts to gross negligence for which Defendant is

liable for exemplary damages.

## VIII.   CAUSATION AND DAMAGES

12.   Plaintiff incorporates all factual allegations made above.

13.   As a proximate result of all Defendant's negligent and grossly negligent acts

and/or omissions, Plaintiff has suffered in the past and will continue to suffer in the future:

medical and healthcare expenses; lost wages and lost earning capacity; loss of her own

household services; pain and suffering; mental anguish; emotional distress; physical and mental

impairment; disfigurement; and loss of enjoyment of life.

14.   Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks

monetary relief over $ 200,000 but not more than $1,000,000.

## VIII.   JURY DEMAND

15.   Plaintiff respectfully demands a trial by jury on all of her claims, the jury fee

having been deposited with the Clerk of the Court.

## IX.   ALTERNATIVE PLEADINGS

16.   To the extent facts or causes of actions pled in this Original Petition are in

conflict, they are pled in the alternative.

## X.     RULE 193.7 NOTICE

17.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by Defendant in response to any discovery request may be used at any pretrial proceeding or in the trial of this matter.

## XI.     PRESERVING EVIDENCE

18.     Plaintiff requests that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit or the damages resulting therefrom.    Failure to maintain such evidence will constitute "spoliation" of the evidence.

## XII.     REQUEST FOR DISCLOSURE

19.     Plaintiff requests that Defendant provide Plaintiff with the information or material described in Rule 194.2(a)-(1) of the Texas Rules of Civil Procedure at the offices of the undersigned counsel within 50 days of service of this document

## XIII.   PRAYER

20.     Plaintiff prays that judgment be entered against Defendant for:

a.      actual compensatory damages;

b.      all costs of court expended herein;

c.      pre-judgment and post-judgment interest at the maximum rate allowed by law;

d.      exemplary/punitive damages; and

all other relief to which Plaintiff is justly entitled.

Dated:   June 26, 2020
         Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By:  _____

J. Moises Cedillos
State Bar No. 24080828
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456
(832) 900-9456 (fax)
moises@cedilloslaw.com

ATTORNEY FOR PLAINTIFF

CAUSE NO. _____

| DANIELLE GARDNER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| TYSON FOODS, INC, | § | |
| | § | |
| Defendant. | § | __ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:    Defendant Tyson Foods, Inc., which may be served with service of process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

       Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Danielle Gardner serves the

following First Request for Production on Tyson Foods, Inc. and requests that Defendant produce

the following documents within fifty (50) days from service of this request.

## INSTRUCTIONS

1.      Defendant(s) must either produce the requested documents and tangible things as they are kept in the usual course of business or organize and label them to correspond with the categories in the request.

2.      In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addresser, addressee, each recipient thereof, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, a description of the contents and subject matter, the date of its destruction, the manner of its destruction, the name, title, and address of person who authorized its destruction, the reason for its destruction, the name, title and address of the person destroying the document and a description of efforts to locate the document and copy it.

3.      The request for documents set forth below shall be deemed to be continuing so as to require supplemental responses if additional documents specified are obtained or discovered between the time of responding to this request and the final disposition of this action.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.      "Persons" shall include individuals, natural persons, firms, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

2.      "Plaintiff" or "Mrs. Gardner" shall mean Danielle Gardner.

3.      "Defendant" or "Tyson Foods" shall mean Tyson Foods, Inc., as well as agents, employees, representatives, attorneys, investigators, and all other persons acting for said party.

4.      "You" or "your" shall refer to each respective party to whom this request is directed, and each such party's agents, servants, and representatives.

5.      "Incident" shall mean the occurrence on or about October 30, 2019 when Plaintiff, while lifting a heavy bag, allegedly injured her back.

6.      The "Bag" shall refer to the bag Plaintiff was lifting at the time of the Incident.

7.      "Injuries" refers to the injuries suffered by Plaintiff resulting from the Incident.

8.      The "Premises" or "Site" refers to 4114 Mint Way in Dallas County, Texas, where the Incident allegedly occurred.

9.      "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests for production inclusive rather than exclusive.

10.     "Referring to" "relating to" or "concerning" means to consist of, refer to, arise from, reflect or be in any way logically or factually connected to, directly or indirectly, with a matter discussed either in whole or in part.

11.     "Document(s)" is used in the broadest sense and shall include all tangible items of any nature, both original and copies (whether or not identical), and all attachments and appendices thereof and all drafts thereof including, but not limited to, agreements, contracts, communications, correspondence, letters, telegrams, text messages, emails, memoranda, records, reports, books, summaries or other records of personal conversations, minutes, summaries or other records of meetings and conferences, summaries or other records of negotiation, diaries, diary items, calendars, appointment books, time records, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, orders, confirmations, meetings, checks, canceled checks, letters of credit, envelopes, folders or similar

containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, voice recordings, video records, film, tape, punch cards, programs, and data computations from which information can be obtained or translated into usable form (including matter used in data processing) and any other writing of whatsoever description including, but not limited to, any information contained in any computer, although not yet printed out within the possession, custody or control of Defendant(s), their agents, representatives or attorneys.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

### REQUEST FOR PRODUCTION NO. 1:

All documents that contain information from persons with knowledge of relevant facts of the Incident, including but not limited to written or recorded statements.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

All photographs, videos and drawings of the Bag, Mrs. Gardner or the location of the Incident at the Site, both before and following the Incident.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

All surveillance video for the Incident.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

Defendant's document retention policies.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

All internal and external memoranda, correspondence and e-mails that relate in any way to the Incident or the work that was being performed by Plaintiff, excluding any communications to attorneys protected by attorney-client privilege.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 6.:**

   All documents pertaining, relating or referring in any way to Plaintiff's Injuries, including but not limited to medical records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7.:**

   Plaintiff's complete personnel file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.:**

   Plaintiff's training transcript.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.:**

   All employee manuals, handbooks, and policies and procedures in any way discussing how to safely lift/move bags of product at the Site in effect at the time of the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.:**

   All training in any way discussing how to lift/move bags of product at the Site in effect at the time of the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.:**

   All documents pertaining, relating or referring to your instructions to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.:**

       All reprimands (of any of your employees) related to the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.:**

       All documents that you contend evidence that Plaintiff was contributorily negligent in causing her own injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.:**

       All documents reflecting your findings or conclusions in connection with the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.:**

       All correspondence with Plaintiff and all documents signed or submitted by her to you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.:**

       For the individual(s) who supervised Plaintiff at the Premises, his or her complete personnel file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.:**

All documents pertaining, relating or referring to your warnings or instructions to Tyson Food employees regarding lifting/moving bags of product for the three-year period preceding the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.:**

All complaints by Tyson Food employees relating or referring in any way to lifting/moving bags of product at the Site from October 30, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.:**

All prior demands, lawsuits and other documents pertaining to injuries allegedly sustained by Tyson Food employees in lifting/moving bags of product at the Site from October 30, 2016 to the present.

**RESPONSE:**

Dated:   June 26, 2020
         Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By:

J. Moises Cedillos
State Bar No. 24080828
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456
(832) 900-9456 (fax)
moises@cedilloslaw.com

ATTORNEY FOR PLAINTIFF

CAUSE NO. _____

| | | |
|---|---|---|
| DANIELLE GARDNER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| TYSON FOODS, INC, | § | |
| | § | |
| Defendant. | § | __ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:   Defendant Tyson Foods, Inc., which may be served with service of process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Danielle Gardner serves the following First Set of Interrogatories on Tyson Foods, Inc.  The answers must be served within fifty (50) days after the service of the interrogatories on Defendant.  Each interrogatory must be answered separately and fully in writing under oath.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.      "Persons" shall include individuals, natural persons, firms, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

2.      "Plaintiff" or "Mrs. Gardner" shall mean Danielle Gardner.

3.      "Defendant" or "Tyson Foods" shall mean Tyson Foods, Inc., as well as agents, employees, representatives, attorneys, investigators, and all other persons acting for said party.

4.      "You" or "your" shall refer to each respective party to whom this request is directed, and each such party's agents, servants, and representatives.

5.      "Incident" shall mean the occurrence on or about October 30, 2019 when Plaintiff, while lifting a heavy bag, allegedly injured her back.

6.      The "Bag" shall refer to the bag Plaintiff was lifting at the time of the Incident.

7.      "Injuries" refers to the injuries suffered by Plaintiff resulting from the Incident.

8.      The "Premises" or "Site" refers to 4114 Mint Way in Dallas County, Texas, where the Incident allegedly occurred.

9.      "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests for production inclusive rather than exclusive.

10.     "Referring to" "relating to" or "concerning" means to consist of, refer to, arise from, reflect or be in any way logically or factually connected to, directly or indirectly, with a matter discussed either in whole or in part.

11.     As used herein, the terms "identify" or "identification":

      a.      when used in reference to a person, "identify" or "identification" shall mean to state his/her full name, job description, present or last known residence address and telephone number, and present or last known business address and telephone number.

b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" shall mean to state its full name, present or last known business address or operating address and telephone number, and the name of its chief executive officer and telephone number.

c.    When used in reference to a document, "identify" or "identification" shall include a statement of the following:

    i.    the title, heading, or caption, if any, of such document;

    ii.    the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

    iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

    iv.    the number of pages and the general nature of description of such document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, *etc.*), with sufficient particularity so as to enable such document to be precisely identified;

    v.    the name and capacity of the person who signed such document; if it is not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document or copy thereof was sent; and

    vii.    the physical location of the document and the name of its custodian(s).

d.    When used in reference to an event, such as a fire or explosion, "identify" or "identification" shall mean to state the following:

    i.    type of event;

    ii.    date of the event;

    iii.    precise location of the event;

    iv.    cause of the event (if known); and

v.    result of the event in terms of damages and/or interruption of operations.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

### INTERROGATORY NO. 1:

Please identify each person answering these interrogatories or supplying information in answering these interrogatories.

### ANSWER:

### INTERROGATORY NO. 2:

Have you been properly named and served as a Defendant? If not, please describe any defect in service or in the name used.

### ANSWER:

### INTERROGATORY NO. 3:

Please provide the name, address, and telephone number of any person who is expected to be called to testify at trial. TEX. R. CIV. P. 192.3(d).

### ANSWER:

### INTERROGATORY NO. 4:

For each consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please provide:

(1)     the consulting expert's name, address, and telephone number;

(2)     a description of the facts known by the consulting expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case, regardless of when and how the factual information was acquired;

(3)     a description of the consulting expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them; and

(4)     a description of any bias of the consulting expert.

TEX. R. CIV. P. 192.3(e).

**ANSWER:**

**INTERROGATORY NO. 5:**

Please describe how you contend the Incident that forms the basis of this suit and the Injuries resulting therefrom were caused.

**ANSWER:**

**INTERROGATORY NO. 6:**

Concerning the Bag, please identify:

a.     its weight;

b.     its size; and

c.     the contents contained within the Bag.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please identify all individuals who have knowledge of the Incident, and for each provide his/her:

a.  job title;

b.  job description;

c.  address;

d.  whether he/she is currently employed by Defendant; and,

e.  their knowledge of the Incident.

**ANSWER:**

**INTERROGATORY NO. 8.:**

If you trained Plaintiff on how to safely lift/move bags of product of the same size and weight of the Bag, please identify:

    a.   who trained Mrs. Gardner;

    b.   whether Mrs. Gardner followed that training at the time of the Incident; and

    c.   if in your view she did not, please identify each and every way Plaintiff departed from her training; and

    d.   identify all documents evidencing the training provided by you to Mrs. Gardner.

**ANSWER:**

**INTERROGATORY NO. 9:**

Please describe how Plaintiff, and persons working at the Site, were to lift/move bags of product of the same size and weight of the Bag, and, in so doing, identify all material and equipment provided by you and to be used by Plaintiff, and persons working at the Site, for lifting/moving bags of product of the same size and weight of the Bag at the time of the Incident.

**ANSWER:**

**INTERROGATORY NO. 10:**

Please identify all individuals who made, or were to make, safety inspections of the Site, including, but not limited to while Plaintiff was performing work at the Kitchen, and identify when those inspections were made and for what purpose.

**ANSWER:**

Dated:    June 26, 2020
          Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By: _____

J. Moises Cedillos
State Bar No. 24080828
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456
(832) 900-9456 (fax)
moises@cedilloslaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT "C"

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** DC-20-08778

**CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition, Plaintiff's First Request for Production to Defendant, Plaintiff's First Set of Interrogatories to Defendant

**FILE DATE OF MOTION:**        6        26        2020
                          Month/    Day/      Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME:   Tyson Foods, Inc.

    ADDRESS:   1999 Bryan Street, Suite 900, Dallas, Texas 75201

    AGENT, (*if applicable*):   CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**             ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                         ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain*  Please Email Citation to attorney Moises Cedillos at moises@cedilloslaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**             ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                         ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  J. Moises Cedillos                    TEXAS BAR NO./ID NO.   24080828

MAILING ADDRESS:  3801 Kirby Dr. , Suite 510, Houston, Texas 77098

PHONE NUMBER:   832        900-9456          FAX NUMBER:   832        900-9456
              area code    phone number                  area code    fax number

EMAIL ADDRESS:    moises@cedilloslaw.com

CIVC108 Revised 9/2/09

**FORM NO.  353-3 - CITATION**
# THE STATE OF TEXAS

To:
>TYSON FOODS, INC.
>SERVING REGISTERED AGENT CT CORPORATION SYSTEM
>1999 BRYAN STREET SUITE 900
>DALLAS TEXAS  75201

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DANIELLE GARDNER**

Filed in said Court  **26th day of June, 2020** against

**TYSON FOODS, INC.**

For Suit, said suit being numbered <u>**DC-20-08778,**</u> the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE, PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of June, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        DANIEL MACIAS



---

**ESERVE**

**CITATION**

**DC-20-08778**

**DANIELLE GARDNER**
vs.
**TYSON FOODS INC.**

ISSUED THIS
**30th day of June, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
J MOISES CEDILLOS
3801 KIRBY DR STE 510
HOUSTON TX  77098
832-900-9456
**MOISES@CEDILLOSLAW.COM**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

## OFFICER'S RETURN

Case No. :  DC-20-08778

Court No.298th District Court

Style: DANIELLE GARDNER

vs.

TYSON FOODS INC.

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT "D"

FILED
7/28/2020 10:06 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

### CAUSE NO. DC-20-08778

| | | |
|---|---|---|
| DANIELLE GARDNER<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 298th District Court |
| TYSON FOODS INC.<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | DALLAS COUNTY, TX |

### RETURN OF SERVICE

**ON Tuesday, July 21, 2020 AT 5:41 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT for service on TYSON FOODS, INC C/O REGISTERED AGENT CT CORPORATION SYSTEM came to hand.

**ON Monday, July 27, 2020 AT 3:28 PM, I, DON  ANDERSON, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** TYSON FOODS, INC C/O REGISTERED AGENT CT CORPORATION SYSTEM, by delivering to Lindsey Barrientez, 1999 BRYAN STREET SUITE 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is DON  ANDERSON. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 4232, expires 8/31/2020). My e-mail address is info@easy-serve.com. My date of birth is 7/14/1956. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Monday, July 27, 2020.

/S/ DON  ANDERSON

20021

Doc ID: 274779_1

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

To:

    **TYSON FOODS, INC.**
    **SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
    **1999 BRYAN STREET SUITE 900**
    **DALLAS TEXAS 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DANIELLE GARDNER**

Filed in said Court **26th day of June, 2020** against

**TYSON FOODS, INC.**

For Suit, said suit being numbered **DC-20-08778,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE,**
**PRODUCTION AND INTERROGATORIES,** a copy of which accompanies this citation. If this
citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of June, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    DANIEL MACIAS



---

**ESERVE**

---

**CITATION**

---

**DC-20-08778**

---

**DANIELLE GARDNER**
vs.
**TYSON FOODS INC.**

ISSUED THIS
**30th day of June, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

---

**Attorney for Plaintiff**
J MOISES CEDILLOS
3801 KIRBY DR STE 510
HOUSTON TX 77098
832-900-9456
**MOISES@CEDILLOSLAW.COM**

---

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. :  DC-20-08778

Court No.298th District Court

Style: DANIELLE GARDNER

  vs.

TYSON FOODS INC.

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |
| | (Must be verified if served outside the State of Texas.) | |

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

 

               _____

               Notary Public_____County_____

# EXHIBIT "E"

FILED
8/14/2020 9:51 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

## CAUSE NO. DC-20-08778

| | | |
|---|---|---|
| **DANIELLE GARDNER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **298TH JUDICIAL DISTRICT** |
| | § | |
| **TYSON FOODS, INC.,** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT TYSON FOODS, INC.'S ORIGINAL ANSWER

**COMES NOW**, Defendant Tyson Foods, Inc. ("Defendant"), and files its Original Answer to Plaintiff Danielle Gardner's ("Plaintiff") Original Petition as follows:

### I.
### GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleading and demands strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

2.      Pleading further, alternatively, and by way of affirmative defense, Defendant would state that in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law.

---

3.      Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses, if any, should be limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Section 41.0105 of the Texas Civil Practices and Remedies Code.

4.      By way of affirmative defense, Defendant invokes Chapter 33 of the Texas Civil Practices & Remedies Code and pleads that Plaintiff's claims are barred, in whole or in part, by the contributory and/or comparative negligence of Plaintiff and/or other parties, or alternatively, that the conduct of other parties, including Plaintiff, was an independent, intervening, superseding, and/or the sole proximate cause of Plaintiff's alleged damages. Therefore, Defendant is not liable for such damages.

5.      By way of affirmative defense, Defendant pleads that Plaintiff's damages, if any, were caused by preexisting injuries and/or preexisting medical conditions that occurred or arose before the incident forming the basis of this lawsuit.

6.      By way of affirmative defense, Defendant pleads that, pursuant to the Patient Protection and Affordable Care Act ("ACA") and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing a health insurance policy no later than March 31, 2014 in accordance with the Individual Mandate prescribed in 26 U.S.C. § 5003A, et.seq. Further, Defendant's potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles. In the alternative, if Plaintiff

has purchased a health insurance policy pursuant to the Individual Mandate, Plaintiff's future medical expenses are limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

7.      By way of affirmative defense, Defendant pleads that Plaintiff's claims are barred or limited, in whole or in part, by Plaintiff's failure to mitigate damages and failure to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed by Plaintiff. Accordingly, Defendant is entitled to an instruction to the jury that they shall not consider elements of damages incurred and caused by Plaintiff's failure to mitigate damages.

8.      Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff's claims, if any, for exemplary, punitive or other damages are barred, limited, restricted, and/or governed by the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and any other applicable statute concerning the recovery of damages and the common law of Texas. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 41 and other applicable law.

9.      Pleading further, alternatively, and by way of affirmative defense, Defendant pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and similar provisions of the

Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies equal protection of the laws under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments. Defendant pleads that any claim by Plaintiff for punitive damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above. Defendant further pleads that Plaintiff's claims for punitive or exemplary damages should be stricken in the absence of Plaintiff making some prima facie showing supporting such claims.

10.     Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter.

## III.
## JURY DEMAND

11.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

## IV.
## NOTICE OF SELF-AUTHENTICATION

12.     In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby provides written notice that they intend to use self-authenticated documents against Plaintiff at any future pretrial proceeding, trial, or appeal in this matter.

## PRAYER

**WHEREFORE, PREMISE CONSIDERED**, Defendant Tyson Foods, Inc. prays that Plaintiff takes nothing by this suit, that Defendant goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939


By:     /s/ *Zach T. Mayer*
Zach T. Mayer
State Bar No. 24013118
zmayer@mayerllp.com
J. Edward Johnson
State Bar No. 24070001
ejohnson@mayerllp.com
Brandon W. Maxey
State Bar No. 24092777
bmaxey@mayerllp.com

**ATTORNEYS FOR DEFENDANT TYSON FOODS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 14th day of August 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**Via eFileTexas.gov:**
moises@cedilloslaw.com
J. Moises Cedillos
CEDILLOS LAW FIRM, PLLC
3801 Kirby Drive, Suite 510
Houston, Texas 77098

*/s/ Zach T. Mayer*
Zach T. Mayer

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Pilgrim on behalf of Zachary Thomas Mayer
Bar No. 24013118
spilgrim@mayerllp.com
Envelope ID: 45383327
Status as of 08/14/2020 11:55:56 AM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jocelyn Pineda | | info@cedilloslaw.com | 8/14/2020 9:51:55 AM | SENT |
| J. Moises Cedillos | | moises@cedilloslaw.com | 8/14/2020 9:51:55 AM | SENT |
| Jocelyn Pineda | | jocelyn@cedilloslaw.com | 8/14/2020 9:51:55 AM | SENT |
| Cathy Preston | | cpreston@mayerllp.com | 8/14/2020 9:51:55 AM | SENT |

Associated Case Party: TYSON FOODS INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brandon W.Maxey | | bmaxey@mayerllp.com | 8/14/2020 9:51:55 AM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 8/14/2020 9:51:55 AM | SENT |
| Edward Johnson | | ejohnson@mayerllp.com | 8/14/2020 9:51:55 AM | SENT |

# EXHIBIT "F"

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-20-08778

DANIELLE GARDNER

vs.

TYSON FOODS INC.

298th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: DEF

FEE PAID: 40.00

# EXHIBIT "G"

298TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

August 17, 2020

J MOISES CEDILLOS
3801 KIRBY DR STE 510
HOUSTON TX  77098

DC-20-08778
DANIELLE GARDNER  vs.  TYSON FOODS INC.

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

JURY TRIAL:    04/26/2021 @ 9:00 AM

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF
THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED READY.
IF NO PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE DISMISSED
FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF CIVIL
PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS
RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL
PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND ALL
PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,


EMILY TOBOLOWSKY
JUDGE, 298TH DISTRICT COURT
DALLAS COUNTY, TEXAS

Cc:
J MOISES CEDILLOS; ZACH T MAYER

# EXHIBIT "H"

298TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

August 17, 2020

File Copy

DC-20-08778
DANIELLE GARDNER  vs.  TYSON FOODS INC.

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

JURY TRIAL:    04/26/2021 @ 9:00 AM

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF
THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED READY.
IF NO PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE DISMISSED
FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF CIVIL
PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS
RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL
PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND ALL
PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,

EMILY TOBOLOWSKY
JUDGE, 298TH DISTRICT COURT
DALLAS COUNTY, TEXAS

Cc:
J MOISES CEDILLOS; ZACH T MAYER

# EXHIBIT "I"

298TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

August 17, 2020

ZACH T MAYER
Attn MAYER LLP
750 N ST PAUL ST STE 700
DALLAS TX  75201

DC-20-08778
DANIELLE GARDNER  vs.  TYSON FOODS INC.

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

JURY TRIAL:    04/26/2021 @ 9:00 AM

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF
THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED READY.
IF NO PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE DISMISSED
FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF CIVIL
PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS
RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL
PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND ALL
PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,

EMILY TOBOLOWSKY
JUDGE, 298TH DISTRICT COURT
DALLAS COUNTY, TEXAS

Cc:
J MOISES CEDILLOS; ZACH T MAYER