UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIELLE GARDNER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-02520-X |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Tyson Foods, Inc.'s motion for partial summary judgment. [Doc. No. 31.] Tyson argues that the plaintiff, Danielle Gardner, cannot prove essential elements of her gross-negligence claim and punitive damages, and that Tyson is therefore entitled to partial summary judgment. For the reasons explained below, the Court **GRANTS** the motion.

### I.   Factual Background

Gardner worked as a "General Laborer" for Tyson. Part of her job was to lift and move bags of trash, and she alleges that she was supposed to lift such bags only with a team—not alone. She also alleges that she would in fact lift the bags alone and that Tyson management had observed her doing so and had never disciplined her for it. Gardner alleges that she injured herself while lifting a bag on her own. She charges Tyson with negligence and gross negligence by failing to, among other things, "institute and enforce proper and effective safety programs" and "provide . . . a safe

1

work place."[1]  Gardner seeks punitive damages.

Tyson moves for summary judgment on Gardner's gross-negligence claim. Specifically, Tyson argues that Gardner cannot establish essential elements of her gross-negligence claim, including that any act or omission by Tyson "involve[d] an extreme degree of risk" or that Tyson, despite "actual, subjective awareness of the risk involved . . . nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others."[2]  Tyson also argues that Gardner cannot establish several elements to support her claim for punitive damages.[3]  Gardner never responded to Tyson's motion.

## II.   Legal Standard

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party,[4] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5]  "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[6]  "When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears

---

[1] Doc. No. 18 at 4.

[2] Doc. No. 31 at 5 (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994)).

[3] *Id.* at 4.

[4] *Howell v. Town of Ball*, 827 F.3d 515, 522 (5th Cir. 2016).

[5] FED. R. CIV. P. 56(a).

[6] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

the burden of presenting evidence that provides a genuine issue for trial."[7]

### III.     Analysis

In the Fifth Circuit, "it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case."[8]  Here, Tyson filed a proper summary judgment motion arguing that Gardner cannot establish specific, essential elements of her gross-negligence claim and her request for punitive damages, and that shifted the burden to Gardner to demonstrate the existence of evidence supporting a genuine dispute of material fact.[9]  Gardner never responded, and thus did not carry her burden.  Accordingly, Tyson deserves summary judgment on Gardner's gross-negligence claim and her request for punitive damages.

### IV.     Conclusion

The Court **GRANTS** Tyson's motion for partial summary judgment.

**IT IS SO ORDERED** this 14th day of July, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636 (5th Cir. 1999).

[8] *Austin v. Kroger Texas L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

[9] *See Bell v. Marmaxx Operating Corp.*, No. 3:20-CV-01910-X, 2021 WL 5505561, at *2 (N.D. Tex. Nov. 23, 2021) (Starr, J.) (explaining the burden-shifting framework that applies to no-evidence motions for summary judgment).